# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS DALE CATCHINGS,<br><br>                Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA, ET. AL.,<br><br>                Defendants. | CASE NO. CV 22-02910-DSF (AS)<br><br>**ORDER TO PAY THE FILING FEE OR SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED PURSUANT TO 28 U.S.C. § 1915(G)** |

On April 29 2022, Dennis Dale Catchings ("Plaintiff"), a California state prisoner proceeding *pro se*, filed a Civil Rights Complaint against Congresswoman Nancy Pelosi, District Judge Otis D. Wright, Magistrate Judge Pedro Castillo, and various "unknown" defendants who allegedly engaged in "'organized and influenced corrupt activity' by blatantly failing to enforce the nations civil rights laws and co-conspiring to fail to conduct investigations on citizen complaints filed of reported police misconduct." (Dkt. No. 1 at 5).[1] Plaintiff has also filed a Request to Proceed Without

---

[1] Because Plaintiff is suing federal employees, his claims are more appropriately brought under Bivens v. Six Unknown Fed.

Prepayment of Filing Fees or *in forma pauperis* ("IFP Request"). (Dkt. No. 2).[2]

    Plaintiff's litigation history reflects that he is subject to the provisions of 28 U.S.C. § 1915(g). Courts may raise Section 1915(g) *sua sponte*. See, e.g., Harris v. City of New York, 607 F.3d 18, 23 (2nd Cir. 2010) ("district courts may apply the three strikes rule *sua sponte*"); Maxton v. Bureau of Prisons Dir., 2019 WL 3287832 *2 (C.D. Cal. July 18, 2019)("Courts may raise Section 1915(g) *sua sponte* and dismiss the action after providing the plaintiff with an opportunity to be heard."). Pursuant to § 1915(g), a prisoner may not "bring a civil action or appeal a judgment in a civil action or proceeding" without prepayment of the filing fees:

    if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an

---

Narcotics Agents, 403 U.S. 388 (1971). See Daly-Murphy v. Winston, 837 F.2d 348, 355 (9th Cir. 1987) ("There is no valid basis for a claim under section 1983, in that Daly-Murphy's allegations are against federal officials acting under color of federal law. Section 1983 provides a remedy only for deprivation of constitutional rights by a person acting under color of law of any state or territory or the District of Columbia. Thus, the only possible action is an action under the authority of Bivens." (Citation omitted)).

[2] Plaintiff's request failed to include a certification regarding the available funds in his prison trust account. As the Ninth Circuit has observed, the Prison Litigation Reform Act, 28 U.S.C. § 1915, requires prisoners seeking to file civil actions regarding prison conditions and treatment to submit a certified copy of their prisoner trust fund statement for the previous six months. See 28 U.S.C. § 1915(a)(2).

action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Such dismissal is deemed a "strike."

The Ninth Circuit has held that the phrase "fails to state a claim on which relief may be granted" as used in §1915(g), parallels the language of Fed. R. Civ. P. 12(b)(6) and carries the same interpretation; that the word "frivolous" refers to a case that is "of little weight or importance: having no basis in law or fact"; and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'"  See Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005) (explaining the terms used in §1915(g)).  In addition, the Ninth Circuit has held that the prior denial of IFP status on the basis of frivolity or failure to state a claim constitutes a strike for purposes of §1915(g)).  See O'Neal v. Price, 531 F.3d 1146, 1153-54 (9th Cir. 2008) (also stating that a dismissal without prejudice may count as a strike).  Additionally, appellate affirmances do not count as strikes when the appeal affirms the decision of the district court, but an appeal of a dismissal will count as a separate strike if the appellate court "expressly states that the appeal itself was frivolous, malicious or failed to state a claim."  El-Shaddai v. Zamora, 833 F.3d 1036, 1045-46 (9th Cir. 2016).  Finally, the Supreme Court recently confirmed that Section 1915(g) applies "to any dismissal for

failure to state a claim, whether with prejudice or without." Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1723 (2020).

Once a plaintiff has accumulated three strikes, he is prohibited from pursuing any subsequent civil action without prepayment of the filing fees, unless he makes a showing that he was "under imminent danger of serious physical injury" based on the circumstances "at the time the complaint was filed, not at some earlier or later time." Andrews v. Cervantes, 493 F.3d 1047, 1052-53 (9th Cir. 2007); 28 U.S.C. § 1915(g). Further, "the prisoner bears the ultimate burden of persuading the court that § 1915(g) does not preclude IFP status." Richey v. Dahne, 807 F.3d 1202, 1206 (9th Cir. 2015).

In light of the foregoing standards, the Court takes judicial notice of the following prior civil actions filed by Plaintiff in the United States District Court for the Central District of California, that qualify as strikes for purposes of §1915(g). See Fed. R. Evid. 201(b)(2), (c)(1):[3]

(1) Dennis Dale Catchings v. Timothy Jackman, Case No. CV 13-02788-ODW (SS), Order revoking Plaintiff's in forma pauperis

---

[3] In addition to the cases listed below, the Court also is aware of a case Plaintiff filed in the United States District Court for the Eastern District of California in which a motion for order revoking *in forma pauperis* status under 28 U.S.C. § 1915(g) because Plaintiff is a three strikes litigant is pending. (Dennis Dale Catchings v. Fletcher, et. al., Case No. CV 21-00879-DB).

privilege pursuant to 28 U.S.C. § 1915(g) on August 13, 2013 (Dkt. No. 3).

(2) <u>Dennis D. Catchings v. City of Santa Monica, et al.</u>, Case No. CV 09-08473-UA (SS), dismissed due to <u>Heck</u> bar on December 18, 2009. (Dkt. No. 2).

(3) <u>Dennis D. Catchings v. City of Santa Monica, et. al.</u>, Case No. CV 06-5721-UA (SS), Order dismissing action as <u>Heck</u> barred on October 23, 2006. (Dkt. No. 2).

(4) <u>Dennis D. Catchings v. City of Santa Monica, et. al.</u>, Case No. CV 06-0006-UA (SS), Order dismissing action as <u>Heck</u> barred on February 17, 2006. (Dkt. No. 2).

Accordingly, because plaintiff had already accumulated more than three strikes before he initiated this action, plaintiff is precluded from proceeding IFP herein unless he can show that, at the time he initiated this action, he was "under imminent danger of serious physical injury." 28 U.S.C. §1915(g). The availability of the "imminent danger" exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." See <u>Andrews</u>, 493 F.3d at 1053. Here, Plaintiff's Complaint does not allege that he was under any danger of physical injury. The Court, however, must allow a prisoner the opportunity to be heard on the matter before revoking a request to proceed IFP or dismissing an action pursuant to 28 U.S.C. §1915(g).

IT IS HEREBY ORDERED that, on or before **June 16, 2022**, Plaintiff shall pay the full filing fees in this action, or he shall show cause in writing, if there be any, why he should not be denied leave to proceed IFP and the action dismissed on the ground that he had suffered three or more "strikes" within the meaning of 28 U.S.C. § 1915(g) before initiating this action.

Plaintiff's failure to comply with this Order will be deemed by the Court as Plaintiff's consent to the dismissal of this action.

IT IS SO ORDERED.

DATED: May 16, 2022

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE